## McGREGOR v. BUELL.

### December, 1863.

In respect to the facts upon which to give its decision, this court is restricted to the return of the court below; and facts stated in the opinion of the court below or elsewhere, but not found in the return cannot be regarded.

When a remittitur from this court is sent down, it is the duty of the court below to carry out the judgment as therein directed, and it has no power to add any new and independent direction.*

On the return of a remittitur from this court, reversing a judgment " without costs," it is error for the court below to add a direction that the respondent pay to an appellant his costs of the appeal.

No appeal from a judgment can be brought to this court until the court below has finally disposed of the whole matter before it, including the right to costs, as well as other rights of the parties ; and when its final decision has once been given, it has no further power over the case except to carry out the judgment of the appellate court.

---

* The supreme court will, however, give an equitable construction to the language of the remittitur. Munn v. N. Y. Central R. R. Co., 12 *Abb. Pr. N. S.* 380. Compare Lawrence v. Bank of the Republic, 6 *Robt.* 497.

McGregor v. Buell.

On an appeal from a surrogate's order granting or withholding letters testamentary, the costs are in the discretion of the court.

Duncan McGregor appealed from a decision of the surrogate, on an application for letters testamentary on the estate of James McGregor, deceased. James Buell and James McGregor, Jr., were respondents. The supreme court affirmed the decree, but on appeal to this court it was reversed as to James McGregor, "without costs, and without prejudice to any future application for letters testamentary," and with a direction that the judgment of this court should be remitted to the supreme court to be enforced according to law. Reported in 24 N. Y. 166.

The questions arising on the present appeal (which was taken after further proceedings below, on the remittitur) turned on the sufficiency of the appeal papers. They were as follows:

1. The usual notice of appeal.

2. A remittitur reciting the previous appeal and the decision above mentioned, and setting forth that they "are by the said court of appeals remitted into the supreme court of," &c., to be enforced according to law.

3. An order or decree of the supreme court at general term, dated May 3, 1863, which, omitting formal parts, was in the following words: "So much of the surrogate's decision as is appealed from in this case is reversed with costs of the appeal to be paid personally by the respondents; that the record and proceedings in this action be certified to the surrogate of Saratoga county, together with the order of reversal and award of costs to be enforced, and that said surrogate proceed in the matter of granting letters, and the disposition of the costs, which have accrued in contesting the will, according to law."

4. A judgment, dated June 16, 1863, entitled with the names of the parties, but not in any court or place, reciting that, the former judgment in that case having been reversed by the judgment of the court of appeals, and the record and proceedings of the court of appeals having been remitted to that court, to be proceeded upon according to law, and the same having been duly entered in the proceedings of that court, after hearing counsel for both parties, it was ordered that all that part of the decision of the surrogate of Saratoga county entered "Decem-

ber 31, 1855, [stating a decree, granting to James McGregor, Jr., letters testamentary on the will of James McGregor, deceased; staying for thirty days the granting of like letters testamentary to Duncan McGregor, one of the executors named in the will, on account of objections filed by James Buell against granting such letters; giving to Duncan McGregor his taxable costs for witnesses' fees in the matter of proving the will of James McGregor, and to Duncan McGregor and James Buell, the surrogate's fees in the same proceeding; and appointing appraisers of the goods of the deceased,] be reversed, annulled, and altogether held for nothing. It was, also, further ordered, " that the respondents pay to Duncan McGregor, his costs *of their appeal* in this case, adjudged at three hundred and eighty-one dollars and ten cents;" and that, "the surrogate of Saratoga county proceed to enforce payment of the costs awarded to Duncan McGregor, against the said James Buell and James McGregor, Jr., according to the course and practice of the surrogate's court." It was also ordered that said surrogate proceed in the matter of granting letters testamentary, and the disposition of the costs which had accrued in testing the said will, according to law; and the judgment concluded with a direction that the proceedings be certified by the clerk, and remitted to said surrogate to be proceeded upon according to law.

*The opinion of the supreme court,* which was printed with the return in the case, was to the effect that, as the decision of the court of appeals left the surrogate's decree in force without providing for the costs of the appeal, the supreme court might grant relief.

James Buell and James McGregor, Jr., now appealed to this court, from the judgment of June 16, 1863, for costs. The defects relied on appear in the following opinion of this court.

*Mr. Beach,* for defendants and appellants, James McGregor and James Buell.

*J. Ellsworth,* for plaintiff, respondent.

BY THE COURT.—H. R. SELDEN, J.—The record of this case appears to be very defective. This court can only look at the

McGregor *v.* Buell.

return of the court below, for the facts upon which its judgment is to be given. Facts stated in the opinion of the court below, or elsewhere, not found in the return, cannot be regarded. From the return alone, it is not easy to ascertain what has been decided by the supreme court, and still less so, to ascertain the grounds upon which such decision was based. It must doubtless be assumed, from the uniformity of the names of the parties (although the fact is not otherwise shown), that the judgment of this court of October, 1861, and the order of judgment of the supreme court of May 5, 1863, and that of June 16, 1863, were all parts of the proceedings in one cause; and we may, therefore, resort to the recitals in the last mentioned judgment, by the aid of which alone we are enabled to ascertain the subject matter, either of the judgment now complained of, or of the former judgment of this court. From those recitals it appears that the judgment which was reversed by this court, " without costs and without prejudice to any future application for letters testamentary," was a judgment of the supreme court affirming a decree of the surrogate of Saratoga county, granting to James McGregor, Jr., letters testamentary upon the will of James McGregor, deceased, staying, for thirty days, the granting of like letters testamentary to Duncan McGregor, on account of objections filed against granting such letters, giving costs to Duncan McGregor and James Buell, for witnesses' fees and expenses in the proceedings to prove said will, and appointing appraisers of the goods of the deceased. Upon filing the remittitur from this court containing such reversal, it appears that the supreme court proceeded in accordance with the judgment of this court, to reverse their former judgment, and added a further judgment in these words, viz: " It is *further* ordered that the respondents pay to Duncan McGregor his costs of *their appeal* in this case, adjudged at $381.10 ; " and they also ordered the proceedings to be remitted to the surrogate of Saratoga county, with directions to enforce the payment of the costs awarded to Duncan McGregor, against James Buell and James McGregor, Jr., and to proceed in the matter of granting letters testamentary, and the disposition of the costs which had accrued in contesting the will, according to law.

McGregor *v.* Buell.

· The sole question now presented is, whether this further order, awarding costs against James Buell and James McGregor, Jr., can be sustained, that being the subject of the present appeal. It does not distinctly appear from the judgment how these costs accrued. I assume, however, that they were the costs of the appeal taken by Duncan McGregor, to the supreme court, from the decree of the surrogate, granting letters testamentary to James McGregor, Jr., and denying them to him. If those costs were allowed to Duncan McGregor by the original judgment of the supreme court, no appeal appearing by the record to have been taken against him, from such former judgment, the repetition of the allowance in the present judgment would be unobjectionable. Such, however, does not appear to have been the case, and I understand the respondent's counsel to claim that the allowance was a new or further provision, added by the supreme court, to the judgment of this court. If this be the true character of the judgment appealed from, it cannot be sustained. It was not proper for the supreme court, on the return of the remittitur, to add any new and independent direction to the judgment of this court, beyond what was required to carry that judgment into effect.

I place no particular reliance on the words " without costs," because those words would naturally apply only to the costs of the appeal to this court. The judgment would have been the same if these words had been omitted, for the reason that the supreme court could not add to the judgment contained in the *remittitur* from this court, a new or further judgment, even for costs of the appeal of that court. If that course were allowed, it would either deprive the party affected by such *new judgment* of the right of appeal, in regard to it, or would authorize several successive appeals from the supreme court to this court, before the case could be remitted to the court of original jurisdiction. It has often been held that no appeal from the supreme court to this court can properly be brought until that court, by its judgment, has finally disposed of the whole matter before it, including the right to costs as well as other rights of the parties. Upon appeal from such judgment, or any part of it, it undoubtedly becomes the duty of this court, to affirm, reverse or modify, the whole judgment, or such part of it as

McGregor *v.* Buell.

may be appealed from, where the appeal is only from a part. If the judgment of this court fails to determine any part of the subject of the appeal, the defect cannot be supplied in the court below.

It is insisted, by the respondent's counsel, that the costs of the appeal to the supreme court are given, by statute, to the prevailing party, and that, consequently, that court was bound to include them in its judgment. 3 *R. S.* 5 ed. 905, §§ 19, 20. If the case were within this statute, the position of the respondent's counsel might, perhaps, be correct; but the statute applies only to appeals involving the validity or proof of wills, and not to cases like the present, which relates only to the granting or withholding of letters testamentary upon a will, the validity or execution of which does not appear by the present record to have been involved in the appeal. In such cases, costs are granted or refused, in the discretion of the court. 3 *R. S.* 909, § 6; *Code of Pro.* § 471 ; 22 *N. Y.* 422.

To prevent a possible inference of an intention to impute to the supreme court a disposition to overstep its authority, or to disregard in any respect the judgment of this court, it is proper to say that no such opinion is entertained, or intended to be expressed. On looking at the opinion delivered in the supreme court, and at the report of the decision of this court on the former appeal (24 *N. Y.* 166), it appears very probable that other facts exist, not shown by the present record, which might have justified the judgment of the supreme court. The transcript from the court below is obviously very defective, as it does not conform to the rules of this court, or to those of the supreme court, touching such appeals (*Rule* 2, Court of Appeals; *Rule* 44, Supreme Court, No. 51 of 1871); but as neither party has asked for any amendment of it, or any further return (*Rule* 3, Court of Appeals), we can only pronounce judgment upon the record as it appears before us.

The judgment of the supreme court, so far as it is appealed from, should be reversed, but without the costs of this appeal to either party.

A majority of the judges concurred.

Judgment reversed, without costs.