JOHN HONE, as Executor, etc., Respondent, *v.* JOHN WATTS
   DE PEYSTER, Individually and as Executor, etc.,
   Appellant.

An action by an executor upon a claim, alleged to be due the estate, arising
   out of transactions between the testator and another, must be brought
   by the executor as such; it is not maintainable by him in his individual
   capacity.

In such an action the executor, unless mismanagement or bad faith is
   shown, is not chargeable individually with costs. (Code of Civil Pro.
   § 246.)

The rule is not changed by the fact that the executor is beneficially inter-
   ested in the estate as residuary legatee.

It is the duty of the court, in an action brought by an executor as such, to
   determine the question as to his individual liability for costs, in case he is
   defeated; and where he is by the judgment charged with costs in a repre-
   sentative capacity alone, this impliedly determines that he is not liable
   individually; the decision is final and conclusive unless it is subsequently
   reversed or set aside by a direct proceeding for that purpose.

He may not, therefore, be charged with such costs in a collateral proceeding.
*Hone* v. *De Peyster* (44 Hun, 487), reversed.

(Submitted June 23, 1887; decided October 4, 1887.

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made May 13, 1887,
which modified, and affirmed as modified, an order of Special
Term. (Reported below, 44 Hun, 487.)

The substance of the two orders, and the facts pertinent
thereto, are set forth in the opinion.

*G. H. Brewster* for appellant.   If the plaintiff's testatrix
ever had a right to recover the moneys sued for by him, she
was barred by the statute of limitations before her death, which
was in 1869. Whatever moneys her husband received from
her were received before 1848, and became his by virtue of
his marital rights. (*Hone* v. *De Peyster*, 3 How. Pr. [N. S.]
422; 103 N. Y. 662.) If plaintiff had a cause of action, it
accrued to him personally under his mother's will, and it is
immaterial whether it arose before or after her death.
(*Brockett* v. *Bush*, 18 Abb. Pr. 337; *Butler* v. *B. & A*

*R. R. Co.,* 24 Hun, 99; *Holdridge* v. *Scott,* 1 Lans. 303; *Bedell* v. *Barnes,* 29 Hun, 589; *Cummings* v. *Egerton,* 9 Bosw. 684.)

*G. H. Crawford* for respondent. Plaintiff was obliged to bring this action as executor, by section 1814 of the Code. (*Ketchum* v. *Ketchum,* 4 Cow. 89; *Goldthwayte* v. *Petrie,* 5 T. R. 234; *People* v. *Judges,* 9 Wend. 490; *Brockett* v. *Bush,* 18 Abb. Pr. 337; *Woodruff* v. *Cook,* 14 How, 481; *Fox* v. *Fox,* 5 Hun, 53; *Bedell* v. *Barnes,* 29 id. 589.)

RUGER, Ch. J. Maria A. Hone, the plaintiff's testatrix, intermarried with Frederic De Peyster, the defendant's testator, in 1839. In 1869 she died leaving her husband surviving, and having by a last will and testament bequeathed to him all of her property, both real and personal, for life, and after his death a legacy of $10,000 to the plaintiff, her son, and the remainder of her property to be equally divided between John Hone and his sister, Emily Foster. By the will Frederic De Peyster was made sole executor and John Hone was named as successor in case of his death. Frederic De Peyster died in 1882, and thereafter the plaintiff took upon himself the execution of the will. The only property received by the plaintiff under the will consisted of a house and lot in New York, valued at about $20,000, and a claim against Frederic De Peyster's estate for property belonging to his wife, which had at some time been converted by him to his own use.

Claiming that Frederic De Peyster was liable to his wife's estate for the value of the property thus converted, the plaintiff brought this action, as the representative of such estate, to enforce the collection of the claim against De Peyster's executor. It was finally determined in this court that Frederic De Peyster, having married Maria A. Hone previous to the enactment of the statutes relating to the rights of married women, became, under his marital rights, entitled to so much of her personal property as he had reduced to possession before his death, and that the action could not be maintained.

Upon the trial of the action before the referee the defendant had judgment, and it was therein directed and adjudged that he recover of " John Hone, as executor of the last will and testament of Maria A. De Peyster, deceased, the sum of $902.41 " costs. The plaintiff having appealed from this judgment to the General Term, it was reversed and a retrial of the issues ordered. From this order the defendant appealed to this court where the order of the General Term was reversed and the judgment entered upon the report of the referee was affirmed with costs against " John Hone as executor of the last will and testament of Maria A. De Peyster, deceased." Final judgment was rendered upon the remittitur from this court against " John Hone as executor, etc., for the sum of $359.91 " costs and for an affirmance of the original judgment. A petition was then presented by the defendant's executor for the purpose of charging John Hone personally with the payment of the sums adjudged as costs in the action. An order was made at Special Term requiring the plaintiff personally to pay such costs, upon the ground that he brought the action unnecessarily in his name as executor. It was there held that the action was maintainable by him individually, and that it was an evidence of bad faith that he had not thus brought it. We think the court erred in supposing that the action was maintainable by Hone in his individual capacity. The claim sued for was one alleged to be due the estate which he represented, by virtue of transactions taking place between his testatrix and the defendant's testator while both were alive. The cause of action never accrued to him individually, and he had no connection with it except so far as it constituted an asset of the estate he represented. The amount, if any, recoverable in that action would have come into his hands in his representative capacity, and have been subject to disbursement and distribution as a part of the estate. No devise or bequest of specific property was made in the will, and the legatees did not take title to the property disposed of as owners, but their interest therein was that of residuary legatees of an indefinite sum to be determined by the process of administration.

The General Term, however, did not concur in the view adopted by the Special Term, and reversed its order so far as it was based upon the element of bad faith, but held that the plaintiff was chargeable with one-half of the costs, upon the ground that he was beneficially interested in the recovery to that extent.

We cannot adopt the conclusions arrived at by either of the courts below in charging the plaintiff with costs. The action was necessarily brought in the name of the executor, and he represented other interests than his own in its prosecution. If he had failed to collect any of the assets of the estate which were collectible he would have been liable to the residuary legatees for their share of the amount lost by his neglect. The cause of action prosecuted against the defendant was not divisible, and his duty required him to pursue it in the only way in which it was sustainable, and that was in his capacity as an executor. The statute regulates the liability which executors assume for costs in prosecuting or defending such an action, by providing that they shall be chargeable exclusively upon the estate or fund represented unless the court directs them to be paid by the party personally for mismanagement or bad faith in the prosecution or defense. (§ 3246, Code of Civ. Pro.)

The General Term having reached the conclusion that there was no evidence of bad faith on the part of the plaintiff in the prosecution of the action, there remains no ground upon which, under the statute, any part of the order of the Special Term can be sustained.

We are also of the opinion that the express adjudications of the trial and appellate courts upon the subject of costs, debarred the defendant from again raising the question as to the fund or person chargeable with their payment. The judgments of these courts in favor of the defendant, as entered by him, charged the plaintiff, in his representative capacity alone, with the payment of such costs. It was not only competent for these courts, but it was their duty, to determine the question whether the executor was liable, personally, for

such costs or not; and they have, by charging him in his representative capacity alone, impliedly determined that he was not liable individually. We know of no authority by which a collateral attack upon such an adjudication is authorized, and are of the opinion that when the liability for costs depends upon the conduct of the party to the litigation during its prosecution, the determination of the court in the action upon such a question is final, unless it is subsequently reversed or set aside by a direct proceeding for that purpose. (*McGregor* v. *Buell*, 3 Abb. Ct. App. Dec. 86; *Sheridan* v. *Andrews*, 80 N. Y. 648.)

The orders of the Special and General Terms should, therefore, be reversed, and the prayer of the petitioner denied, with costs.

All concur.

Ordered accordingly.