GEORGE W. JACK, APPELLANT, *v.* JOHN E. ROBIE, AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF THOMAS S. WAUD, RESPONDENT.

*Assignee for the benefit of creditors — he will not be charged personally with the costs of an action unless mismanagement or bad faith be shown—Code of Civil Procedure, sec. 3246 — it is the duty of the trial court to determine this question — its adjudication therein cannot be attacked collaterally.*

In this action, which was brought against a railroad company to recover wages due to the plaintiff and twenty-nine other employees of the company, the defendant, who had notified the company that he claimed the wages of such twenty-nine employees, as the assignee for the benefit of the creditors of one Waud, was made a party to the action by an order of interpleader, the amount of the wages being paid into court by the company. The referee, before whom the action was tried, found that the plaintiff was the assignee of the claims and was entitled to the moneys paid into court; that Waud had loaned money to each of the employees, and had taken assignments of their claims, but that such assignments were void because usurious interest had been exacted by Waud, and directed a judgment against the defendant, as assignee, for the costs of the action. An execution having been issued upon the judgment rendered in the action the defendant moved, under section 3246 of the Code of Civil Procedure, for an order charging the defendant personally with these costs.

*Held,* that as it was not claimed that the defendant was a party to or knew of the usurious charges made by Waud, he was not chargeable with bad faith in defending the action or in asserting a claim to the fund.

That the fact that the defendant, after the determination of the action, paid out to his attorney and the creditors of the assigned estate the balance remaining in his hands, as assignee, did not make him personally liable for the costs.

That if he had improperly paid out any of the funds of the estate, he might be called to account therefor in another proceeding.

*Butler* v. *The Boston and Albany Railroad Company* (24 Hun, 99) criticised and not followed.

That it was the duty of the referee to determine the question whether the executor was liable personally for the costs of the action; and that, as the judgment directed by him charged the defendant in his representative capacity alone,

he impliedly determined that the defendant was not liable individually, and that a collateral attack upon such an adjudication was unauthorized.

*Hone, as Executor, etc.,* v. *De Peyster* (106 N. Y., 645) followed; *Slocum* v. *Barry* (38 N. Y., 46) distinguis⁻

APPEAL from an order of the Erie Special Term, denying the plaintiff's motion to charge the defendant, personally, with the costs of the action.

*W. H. Cuddeback,* for the appellant.

*Samuel M. Welch, Jr.,* for the respondent.

HAIGHT, J. :

This action was originally brought against the New York, Lake Erie and Western Railroad Company to recover the wages of the plaintiff and twenty-nine others, employees of that company, for the month of September, 1886. The defendant having given notice to the company that he claimed the same as the assignee for the benefit of creditors of Waud, an order of interpleader was entered and the amount of the wages, $1,753.08, was paid into court. The case was referred to a referee who found as facts that the plaintiff was the assignee of the claims of the twenty-nine employees ; that their wages for the month of September amounted in the aggregate to the amount paid into court; that Waud had loaned money to each of the employees of the company and had taken an assignment of their claims for wages for that month; that in doing so he had exacted an usurious rate of interest, and for that reason the assignments to him were void; and that the plaintiff was entitled to the fund. Judgment was consequently ordered against the defendant Robie, as assignee for the benefit of creditors, for the costs of the action, on which report the plaintiff entered judgment. An execution was subsequently issued upon the judgment to the sheriff of Erie county, which was returned unsatisfied. The plaintiff then moved at Special Term for an order charging the defendant, personally, with the costs, and from the order denying such motion this appeal was taken.

The motion is based upon the provisions of section 3246 of the Code of Civil Procedure, which, among other things, provides that the costs awarded in such an action are exclusively chargeable upon

and collectible from the estate, fund or person represented, unless the court directs them to be paid by the party personally *for misman-agement or bad faith* in the prosecution or defense of the action. It is not contended that the defendant was a party to or knew of the usurious charges made by Waud, the defendant's assignor, upon the loan of money to the plaintiff and his assignors. It does appear from the papers read upon the motion, that a statement had been made to him by a number of the plaintiff's assignors, that Waud had charged them a usurious rate of interest. But it further appears that he consulted Waud upon the subject, and that Waud denied that any such thing had taken place, and asserted that the assignments to him were legal and valid. Under these circumstances we are of the opinion that the defendant was not chargeable with bad faith in defending the action or in asserting a claim to the fund. He was a trustee representing the creditors of Waud, and it was his duty to protect and defend the assigned estate.

It is further claimed that he was guilty of mismanagement, for the reason that after the determination of the action, he paid out to his own attorney and the creditors of the assigned estate the balance remaining in his hands as assignee. Whether the payments were made after or before the final determination of the action does not clearly appear, nor do we think it makes any difference. If he has improperly paid out any of the funds of the assigned estate, he may be called to account therefor in another proceeding. He is not now before the court to render a general account of his trust, and all parties interested in the distribution of the fund are not before us. When such an accounting takes place, the creditors interested in the fund will have notice and be entitled to a hearing. (*Devendorf* v. *Dickinson*, 21 How., 275.)

We are aware that a different conclusion was reached in the case of *Butler* v. *The Boston and Albany Railroad Company* (24 Hun, 99), in which case the action was brought by the trustee, who then had money sufficient in his hands as such to pay any judgment for costs that should be awarded against him. It was in that case held that he, having the means in hand, should have anticipated the possible result of the suit and kept a sufficient amount, in order to be able to meet the costs which might be awarded against him, and thus relieve himself from personal liability; that by neglecting to do

so he should not be allowed to cast the burden of his own mistake upon his adversary. The court, however, in this case, has apparently overlooked the fact that the provisions of the Code to which we have alluded permits the court to charge the party personally, only in case of mismanagement or bad faith in the *prosecution* or *defense of the action* and not of the estate.

These conclusions are independent of the case of *Hone, as Executor, etc.,* v. *De Peyster* (106 N. Y., 645), which case it appears to us is conclusive and settles the disposition of this appeal. In that case it was held to be the duty of the trial court to determine the question whether the executor was liable personally for the costs of the action or not, and the court having charged him in his representative capacity alone, impliedly determined that he was not liable individually, that a collateral attack upon such an adjudication is unauthorized, and, when the liability for costs depends upon the conduct of the party to the litigation during its prosecution, the determination of the court in the action upon such a question is final, unless it is subsequently reversed or set aside by a direct proceeding for that purpose.

The counsel for the appellant boldly contends that this case was not well decided, and should not be followed by this court. We, however, feel differently. It is the decision of our highest court, and is binding upon us and, furthermore, we are not satisfied that the case was not well decided. The appellant cites numerous authorities to the effect that application must be made to the court for costs. He, however, did not follow that practice in entering the judgment herein, for he appears to have entered it upon the report of the referee without application to the court. But the cases that he relies upon, on examination turn out to be cases of actions brought against executors and administrators upon claims against the estate of deceased persons. In such cases he is perfectly correct in the view he takes, for an executor or administrator may relieve his estate from costs by consenting to a reference under the statute, and the cases prescribed by sections 1;835 and 1,836 of the Code of Civil Procedure are expressly excepted from the provisions of the section under which the motion herein was made. In such cases a certificate from the judge or referee may be required. But these cases are claims made against the estate of a deceased person. No such provisions exist

in reference to actions by or against trustees or assignees and in the case of *Hone* v. *De Peyster* (*supra*), the action was brought by an executor. The cases referred to consequently have no application to the one under consideration.

The only case to which our attention has been called which is in apparent conflict with the views expressed in *Hone* v. *De Peyster*, is the case of *Slocum* v. *Barry* (38 N. Y., 46). In that case the plaintiffs brought the action as trustees, and on the trial failed to appear. The defendant took the usual order dismissing the complaint with costs, upon which he entered judgment against the plaintiffs personally for the costs of the action. It was held that this could not be done; that no costs could be enforced against them personally without an express order of the court to that effect; that there should be a specific application for such an order founded upon a notice to the other party in order that he might have an opportunity to repel the charge of mismanagement or the imputation of bad faith. But this case does not hold that it was not the duty of the trial court to determine the question of costs in awarding judgment. It consequently is not in conflict with the case of *Hone* v. *De Peyster* in this regard. It is distinguished from that case for the reason that judgment was entered on default without a trial, hearing or investigation as to the merits of the action. The court consequently was not and could not be possessed of the facts upon which the claim of mismanagement or bad faith was founded, and under these circumstances the court was of the opinion that a motion was necessary. This is not disputed in the case of *Hone* v. *De Peyster*. That case merely holds that it was the duty of the trial court to determine the question.

We are consequently of the opinion that the order should be affirmed, with ten dollars costs and disbursements.

BARKER, P. J., BRADLEY and DWIGHT, JJ., concurred.

Order affirmed with ten dollars costs and disbursements.