LOUIS BOURDON, Respondent, *v.* FRANCIS A. MARTIN, as Receiver, etc., Appellant.

*A receiver charged personally with costs — absence of funds with which to pay costs — motion, where made.*

In an action against a transportation company to recover the amount of an alleged claim (a judgment in which would not have prevented a receiver of a party having a claim against such company from recovering any just claim due from the company to him as such receiver), the receiver voluntarily thrust himself into the litigation, and demanded the fund sought to be recovered from the transportation company, although long before his answer was served, to the knowledge of his attorney, the person of whose property he had been appointed receiver, and her husband also, had made a positive affidavit that the claim against such transportation company was the property of the husband. Upon the trial of the action the court directed a verdict against such receiver.

*Held,* that, under the circumstances, the court was justified in finding that the defendant improperly contested the claim of the plaintiff in the action, without any sufficient evidence to sustain the position taken by him.

Where a person as receiver voluntarily embarks in litigation without funds from which to pay the costs thereof, he may properly be deemed guilty of bad faith.

Although it is proper to make a motion to charge a defendant personally with costs before the court in which the trial was had, it is not necessarily so made. Such a motion can be heard at any Special Term before judgment has been entered; especially, where it appears that, for some undisclosed reason, the trial judge declined to entertain it.

APPEAL by the defendant, Francis A. Martin, individually and as receiver of the property of Emma Walker, etc., from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Saratoga on the 19th day of May, 1893, directing that the defendant personally pay to the plaintiff his taxable costs in the above-entitled action.

*J. W. Atkinson,* for the appellant.

*Thomas O'Connor,* for the respondent.

PUTNAM, J.:

We think that, on the affidavits and papers presented, the court below was authorized to find that defendant, as receiver, had been guilty of mismanagement or bad faith in the defense of the action.

Louis Bourdon had commenced an action against the New York

and Lake Champlain Transportation Company to recover on an alleged claim for board of employees of said company

It was not necessary for the defendant, as receiver, to take part in that litigation. A judgment in that action would not have prevented the defendant Martin, as receiver of Emma Walker (or Bourdon), from recovering any just claim due from the company to him. But it seems that he demanded the fund sought to be recovered by Bourdon from the company, and thus voluntarily thrust himself into the litigation.

The papers presented were such that the court below could properly determine that Martin was not justified in entering into the litigation. Long before his answer was served, to the knowledge of his attorney, Emma Walker (or Bourdon) had made a positive affidavit that the claim against the New York and Lake Champlain Transportation Company sought to be recovered was the property of her husband. Her husband, in his affidavit, had sworn to the same fact. The examination of Mitchell in supplemental proceedings was not inconsistent with the affidavit of Mr. and Mrs. Bourdon. It appeared that on the trial of the action the trial judge directed a verdict for the plaintiff, and thus that defendant produced no evidence of the truth of the allegations contained in his answer could be submitted to a jury. The court below was, therefore, justified in finding that defendant improperly, and without any sufficient evidence to sustain the position taken by him, contested the claim of plaintiff in the action, after the positive affidavit of the party for whom plaintiff was receiver that such claim was valid.

Also, that the defendant having voluntarily embarked in the litigation, and, as the affidavits show, without funds to pay the costs, on that account may be deemed guilty of bad faith *Cumming* v. *Egerton*, 9 Bosw. 684.) We are, therefore, unable to hold that the view taken by the Special Term, as to the mismanagement or bad faith of the defendant, was incorrect.

The motion to charge defendant with costs was made at a Special Term of this court, after the entry of the verdict and before the entry of judgment, and not to the judge before whom the case was tried. Doubtless such a motion is properly presented to the same judge before whom the trial was had. We do not think, however, that it is necessarily so made. It can be heard at any Special Term

before judgment has been entered. This is especially so in a case like this, where it appears that, for some reason not disclosed, the trial judge declined to entertain the motion. Such being the fact plaintiff's only course was to apply to a subsequent Special Term. The case of *Hone* v. *De Peyster* (106 N. Y. 645), followed by *Jack* v. *Robie* (48 Hun, 181), cited by defendant, is not inconsistent with this view. In these cases, after a trial, the trial court had ordered a judgment against the plaintiff, in one case an executor, and in the other an assignee, in their representative capacities. A motion was afterwards made in each case to charge the plaintiff with costs. The motion was denied on the ground that the trial court in each case had charged costs against the plaintiff in his representative capacity, and thus impliedly held that he was not liable personally, and that a collateral attack on such an adjudication was unauthorized. Here no judgment has been entered. The trial court declined to entertain a motion to charge defendant with costs. It does not appear that any direction has been given as to the judgment to be entered, or that plaintiff has taken any steps in the action since the rendition of the verdict.

We think, therefore, that the court below was authorized to make the order from which the appeal is taken.

The order should be affirmed, with costs and disbursements.

MAYHAM, P. J., and HERRICK, J., concurred.

Order affirmed, with ten dollars costs, printing and other disbursements.