In the Matter of the Application of GEORGE F. VIETOR et al., Re-spondents, for the Examination of THE RICHARDS Co., Appel-lant.

(City Court of New York, General Term, March, 1897.)

Supplementary proceedings — Foreign corporations.

The mere fact that the receiver of a foreign corporation has an office in New York city and does its business there is not sufficient, under sec-tion 2463 of the Code, to exempt the corporation or its officers from examination in supplementary proceedings.

APPEAL from order for the examination of Samuel W. Richards, president of the judgment debtor, in supplementary proceedings.

Dill, Seymour & Kellogg, for appellant.

Blumenstiel & Hirsch, for respondents.

McCARTHY, J.   This is an appeal from an order directing Samuel W. Richards, president of the judgment debtor, the Richards Company, to appear and make discovery under oath concerning the property of the said judgment debtor, the Richards Company.

On January 22, 1897, on the application of the judgment cred-itors, George F. Vietor and others, and upon the affidavit of Mor-ris J. Hirsch, an order in supplementary proceedings was duly signed by one of the justices of this court, directing Samuel W. Richards, president of the judgment debtor above named, to ap-pear before one of the justices of this court on the 27th day of January, 1897.

City Court of New York, March, 1897. [Vol. 20.

On the return day of the said order Samuel W. Richards, through his attorneys, made a motion to dismiss the order upon affidavits controverting the allegations of the affidavit upon which the order for the examination was granted, and attempting to show that the corporation did business in this State.

There is no denial that the corporation, the Richards Company, is a foreign corporation organized and incorporated under the laws of the State of New Jersey, and that it has no fiscal agency in the State of New York.

The contention made is that the receiver of the corporation carried on its business as its agent, having an office in New York, and, therefore, was its fiscal agent.

A motion was then made to vacate and set aside the order for the examination, which motion was denied, and from the denial of that motion this appeal is taken.

As provided by section 2463 of the Code of Civil Procedure, this defendant's officers cannot be examined in supplementary proceedings unless under and within the exemptions of section 1812 of the Code, which is as follows:

" The last three sections apply to an action or a special proceeding against a corporation, or joint-stock association, created by or under the laws of the State, or a trustee, director, or other officer thereof; or against a corporation or joint-stock association created by or under the laws of another state, government or country, or a trustee, director or other officer thereof, where the corporation or association does business within the state, or has within the state a business agency or a fiscal agency, or an agency for the transfer of its stock."

In other words, it must appear that the defendant is a foreign corporation, does no business within the state, or has no business or fiscal agency in this state.

It is conceded in such a case that an examination of a foreign corporation in proceedings supplementary to execution can be had and a receiver of its property appointed. Logan v. McCall Pub. Co., 140 N. Y. 447.

The defendant admits that the corporation of itself and by itself has none of these requirements, but contends that although that is so, yet because of the appointment of a receiver in New Jersey and afterwards the same receiver being appointed as ancillary receiver in New York, and his having an office in New

York state, that, therefore, such receiver is the agent or fiscal agent of the corporation.

But we cannot agree with the appellant in this. The order. of the court makes the receiver the representative of all those concerned, the creditors and each of them, as well as the debtor company and each of them. Attorney-General v. Guardian Mutual Life Ins. Co., 77 N. Y. 272, 275, 277.

The receiver is not an agent for one side or the other, but is the principal selected by the court to fairly and impartially represent the interests of all.

The receiver, while authorized to act as a party in prosecuting and defending actions, is but the creature of the court, as the custodian or trustee of the fund. Devendorf v. Dickinson, 21 How. 275, 276; Pittsburg Carbon Co. v. McMillin, 119 N. Y. 46, 53; Hunt v. Wolf, 2 Daly, 298, 303.

For these reasons the order should be affirmed, with costs.

CONLAN, J., concurs.

Order affirmed, with costs.