Filed May 29, 1894.

---

No. 16,593.

HARTER, ADMINISTRATRIX, ET AL. *v.* SONGER.

DECEDENT'S ESTATE.—*Setting Aside Final Settlement.—Partnership.— Judgments.—Payment by Partner.—Subrogation.—Pleading.—Parties. —Misjoinder of Causes of Action.—Motions to Make Specific.*—A complaint by S. to set aside an administrator's final settlement alleged that S., I., and W., the decedent, were partners until the latter's death; that upon the death of W. the firm was indebted in the sum of $4,000; that during the administration of W.'s estate judgments aggregating more than $3,000 were rendered against the estate and S. and I., upon said indebtedness; that all the assets of the firm had been exhausted in paying other indebtedness; that W. left property, real and personal, to the value of $10,000, with no debts except those [of the firm, and that his heirs, the other defendants, took, and have since held, possession of said property; that the administrator refused to pay any part of the judgments, and S. was compelled to pay the same to protect his own property; that intending to prevent the plaintiff from filing a claim against the estate for the sums

so paid, the administrator had filed and procured the approval of a final settlement report, without any showing that the judgments had been paid and without paying them; that the plaintiff and the judgment creditors had no actual knowledge or notice of the filing or approval of said report, and were not present in court. While there were incidental allegations as to subrogation, the only relief granted was the setting aside of the report.

*Held*, That there was no error in overruling the motion to make the allegations as to the property left by the decedent, and as to the exhaustion of the firm's assets, more specific.

*Held, also*, That there is no harmful misjoinder of causes of action. (Section 341, R. S. 1881.)

*Held, also*, That I. was not a necessary party to the action.

*Held, also*, That the complaint is good as against a demurrer for want of facts.

*Held, also*, That the payment of the judgments by the plaintiff did not extinguish them, but that, under the statute (sections 1214 and 1215, R. S. 1881), they remained in force for the benefit of S.

*Held, also*, That under the statute it is not necessary that the whole debt should have been paid at the time of the settlement, but that it is sufficient if it has been paid when contribution is sought.

PLEADING.—*Motion to Strike Out.*—Where a complaint contains pertinent facts sufficient to support the judgment, no available error can be predicated upon the overruling of a motion to strike out other and immaterial facts.

From the Fountain Circuit Court.

*V. E. Livengood* and *S. F. Wood*, for appellants.

*H. H. Dochterman* and *D. Simms*, for appellee.

HACKNEY, C. J.—This was a suit by the appellee to set aside a final settlement by the appellant, administratrix of the estate of John Wertz, deceased.

Motions by the appellants to make more specific and to strike out parts of the complaint were overruled, and a demurrer to the complaint was overruled.

The appellants failing to plead further, the court rendered judgment for the appellee setting aside said settlement.

The appellants complain, in this court, of said several adverse rulings of the lower court.

Harter, Administratrix, *et al. v.* Songer.

The complaint alleged the existence of a copartnership, consisting of the said John Wertz, the appellee and one Isley, from February, 1880, until the death of said Wertz, in 1883; that the interests in the copartnership and its liabilities were,Wertz, three-eighths; Songer, one-eighth, and Isley, one-half; that upon the death of said Wertz, and the dissolution of said copartnership, there was an outstanding indebtedness due from the firm in the sum of four thousand dollars; that during the administration of said estate by the appellant Harter, several judgments were rendered against said estate, and the said Songer and Isley, upon said indebtedness aggregating more than three thousand dollars; that all of the assets of the copartnership had been exhausted in paying other indebtedness of the firm; that said Wertz left property, subject to the payment of his liabilities, to the value of ten thousand dollars, and left no indebtedness other than that of said firm; that said administratrix neglected and refused to pay any part of said judgments or to convert real estate of the decedent, necessary for that purpose, into cash, and that to protect his own property from sale, upon execution, to satisfy said judgments, the appellee was required to, and did, pay them in full from his separate means.

It is further alleged that on October 23, 1891, said administratrix, intending to prevent filing of claims against said estate by the appellee for the sums so paid, filed and procured the approval of a final settlement report of the administration of said estate, without any showing that said judgments had been paid, and without paying any part thereof, and that the appellee and said judgment creditors had no actual knowledge or notice of the filing or approval of said report, and was not present in court in person or by attorney.

It is incidentally alleged that he is entitled to subro-

gation as to the sums so paid on behalf of said estate, but the judgment of the court did not declare subrogation, and did not grant a recovery in any sum.

The allegations sought to be made more specific were as to the ownership, by the decedent, of real and personal property, and that after his death the appellants, his descendants, took, and have since held possession thereof, and that all of the firm assets had been exhausted in paying firm liabilities. The ownership of property, in addition to that which was alleged to have gone into the hands of the administratrix, was but an incident to the right to have the final settlement set aside, since it was the duty of the administratrix to have paid upon the judgments that proportion of the funds coming into her hands, to which such judgments with other claims against the estate were entitled, even if the estate had not been solvent. The action was not to recover from the heirs any of said property, nor was it to subject said property to the payment of the appellee's claims. The decree entered does not preclude the appellants from controverting the facts as to the extent and value of the property received by them severally, and this fact, of itself, shows the little importance of specific allegations as to the extent and value of such property so alleged to have been taken and held by the appellants severally. The allegations sought by the motion, as to the particular debts, amounts, and persons to whom paid, in exhausting the firm property, would, like those with reference to the property taken by the appellants, have been but evidentiary facts, and not necessary to the sufficiency of the complaint to set aside the final settlement. There was no error in overruling said motion.

The motion to strike out parts of the complaint was sustained in part, and overruled in part, and it is urged

that it was error to overrule the motion in part. It is rarely available error to overrule a motion to strike out, and it is certainly not reversible error when the alleged irrelevant matter does not, as in this case, supply the basis of the judgment. If the complaint can be said to have contained pertinent facts sufficient to support the judgment, no error can be predicated upon the motion to strike out other and immaterial facts. We come now to a consideration of the sufficiency of the complaint upon the demurrer of the appellants. The grounds of demurrer were four, namely: Want of sufficient facts; nonjoinder as plaintiff of Isley; nonjoinder of Isley as defendant; and misjoinder of causes of action. The last of these grounds is presented upon the theory that the relief sought was not only to set aside the settlement, but to declare the right of subrogation, and for judgment thereon.

It is conceded that under section 341, R. S. 1881 (344, R. S. 1894), the judgment could not be reversed upon this alleged error. In the absence of this provision of the statute, where the judgment adopts the theory of the complaint as presenting but a single cause of action, and does not extend relief upon the supposed erroneously joined facts, it would be difficult to see how the parties could be prejudiced. The judgment before us, it will be remembered, was without an issue joined, and the record presents no question of error in admitting evidence of such supposed second cause of action.

As to the second and third grounds for demurrer, it may be said that the only possible reason for making Isley a party would be upon the conclusion that he was jointly interested in the relief sought by the complaint. If interested in opening the settlement to enforce a right held in common with Songer, perhaps he should have been a complainant, and refusing to join as such should have

been a defendant. However it does not appear from the facts alleged, that Isley held any interest whatever in the claim for three-eighths of the judgments paid by Songer on the proportionate liability of Wertz, nor does it appear that Isley was jointly liable with the Wertz estate for such proportion. If Isley were a complainant with Songer against the Wertz estate, upon the facts alleged he would be entitled to no interest in the recovery for payments by Songer for Wertz, and if he were a defendant, with the Wertz estate, Songer could recover no joint judgment against him and such estate. Isley was not, therefore, a necessary party to a recovery of the sums owing, if any, by the Wertz estate to Songer. *Olleman* v. *Reagan's Admr.*, 28 Ind. 109; *Voss* v. *Lewis,* 126 Ind. 155. And it does not appear that he was a necessary party to the preliminary action to set aside the settlement.

The remaining question is as to the sufficiency of the facts pleaded to authorize the remedy extended. It is conceded that, under R. S. 1881, sections 2402, 2403; R. S. 1894, sections 2557, 2558, if the appellee was interested in the estate, and did not appear at the final settlement, and was not personally summoned to attend the same, he could have such settlement, or so much thereof as affected him adversely, set aside, and the estate reopened within the time prescribed. It is insisted, however, that the appellee had no interest in the estate; that the payment of the judgment was in part before the settlement and in part after the settlement; that to entitle the appellee to enforce contribution at the time of the settlement, it was necessary to show that it had fully paid the judgments; that the payment of the judgments by one of several joint judgment debtors was a complete discharge of the judgments, and cut off any right of subrogation, and that under the R. S. 1881, sections 1214,

1215; R. S. 1894, sections 1228, 1229, no right of sub-rogation was provided to a principal in a judgment as against one of his co-principals.

The final settlement having been made in the face of judgments against the estate, the existence of which was well known to the administratrix, not only were the judgment creditors interested in the estate to the amount of the unpaid balances of the judgments, but Songer was interested to the extent of the ratable proportion of such judgments owing by said estate.

The administratrix was not the representative alone of the descendants of Wertz. She was charged under her oath and her bond, as well as by the dictates of common honesty, to pay, so far as the assets permitted, all just debts and legal claims against the estate seasonably pre-sented and filed, as required by law. She was in this sense the trusted representative of such creditors. The judgments were rendered against the estate seasonably, and no fact or circumstance is alleged or suggested as excusing their payment before closing up the estate. The failure to do so was a palpable violation of duty, and it is with no reason that it is urged that the failure of Songer to pay the judgments, and, at least thirty days before the final settlement, to file his claim for contribution, may excuse the administratrix from the failure to perform a plain duty. The liability of the estate existed and, by solemn adjudication, had passed beyond dispute; this liability could neither be avoided nor discharged by the filing and approval of a final settlement report. Such settle-ment, if the claim had been seasonably filed, but not passed upon, would not stand,—*Dillman* v. *Barber*, 114 Ind. 403–405; *Heaton* v. *Knowlton*, 65 Ind. 255,—and much less could it stand where the claim had been prop-erly reduced to judgment. But it is said that notwith-standing the unauthorized settlement the payment by

Songer relinquished the claim against the estate, and that such claim could not, in equity nor under the statutes, be kept alive for the benefit of Songer. Equity would, indeed, be but weak if it could not protect the joint judgment debtor against a fraud so palpable, but we need not resort to a consideration of equitable remedies. By the sections of the statute last cited, the interest of Songer in the estate is not only defined but is protected.

By section 1214, *supra*, it is provided that "when any defendant-surety in a judgment * * * shall be compelled to pay any judgment or any part thereof; or shall make any payment which is applied upon such judgment by reason of such suretyship, * * * the judgment shall not be discharged by such payment, but shall remain in force for the use of the * surety, and, after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use."

By section 1215, *supra*, it is provided that "Any one of several judgment-defendants * * * having paid and satisfied the plaintiff, shall have the remedy provided in the last section against the co-defendants or co-sureties, to collect of them the ratable proportion each is equitably bound to pay."

Here, we find that, in the absence of superior equities, the joint judgment debtor who pays the judgment has the same remedies given to sureties. In some of the cases it has been held that the payment extinguishes the judgment, and so it does as to senior equities, and as to those whose separate rights and liability have not been established in and by the judgment, but it is nowhere held that the basis of the judgment has been so far swept away as to leave no claim for the debtor who has made such payment, nor is it true that the position of a surety is more favorable than that of a joint debtor. If the suretyship has been established by the judgment, an exe-

cution is the remedy of the surety who pays the judgment,—*Hogshead* v. *Williams*, 55 Ind. 145,—while if the suretyship has not been so established, the judgment will be held, *prima facie*, to have been extinguished by the payment,—*Kreider* v. *Isenbice*, 123 Ind. 10,—but this *prima facie* holding, if made conclusive, would defeat the letter and the spirit of the statute, consequently the rule of the statute is that "the judgment shall not be discharged by such payment, but shall remain in force for the use of the * surety."

But to avoid the *prima facie* discharge of the judgment, where the relation of surety is not shown by the judgment, proceeding must be had to establish that relation.

By the express provision of section 1215, *supra*, the same remedy is provided for any one of several judgment debtors who may pay the creditor's judgment. Therefore, if subrogation is provided by the statute for sureties, it is also provided for a joint principal. If *prima facie* extinguishment of the judgment may be rebutted as to a surety, so it may as to a joint principal. If this is not true section 1215, *supra*, has no force whatever. *Laval* v. *Rowley*, 17 Ind. 36, and cases following it, cited by appellants, do not conflict with our view here taken.

It was not necessary, under these statutory provisions, that the whole debt should have been paid at the time of the settlement, it is quite sufficient if it has been paid when contribution is sought. For none of the reasons urged by appellants was the complaint subject to the demurrer.

The judgment of the circuit court is affirmed.

Filed May 29, 1894.