## THE CHICAGO AND ERIE RAILROAD COMPANY v. HARSHMAN, ADMINISTRATOR.

[No. 2,503. Filed October 6, 1898.]

COSTS.—*Action by Administrator for Death of Decedent.—When Estate Liable for Costs.*—Where an administrator of a solvent estate unsuccessfully prosecutes an action against a railroad company for the death of his decedent, and the costs are adjudged against him, the estate is liable for costs. *pp. 24, 25.*

SAME.—*Judgment For.—Collateral Attack.*—A judgment for costs against an administrator in his fiduciary capacity is not subject to attack in a proceeding to enforce the judgment as a claim against the estate. *p. 27.*

DECEDENTS' ESTATES.—*Filing of Claims After Final Report is Set Aside and Estate Reopened.*—Where the final settlement report of an administrator is set aside and the estate reopened, a claim against the estate may be filed the same as if no final report had ever been made. *p. 27.*

From the Delaware Circuit Court. *Reversed.*

*W. O. Johnson, J. B. Kenner, U. S. Lesh, W. W. Mann* and *L. Lesh,* for appellant.

*Nathan N. Spencer,* for appellee.

WILEY, J.—James W. Harshman, appellee's decedent, lost his life by being thrown from a wagon in which he was riding. The accident resulting in his death was alleged to have resulted from the negligence of appellant. Jonathan Harshman was appointed administrator of his estate, gave bond, and assumed the duties of the trust. The decedent's estate consisted of personal property and a half interest in a gas well. The record shows that the estate was solvent, and, after payment of all debts, there remained over $600 for distribution to the heirs. On February 7, 1895, the administrator filed his final re-

port, showing that the debts of the estate had all been paid, and the estate settled, which report was approved by the court, and the administrator discharged. May 31, 1895, the administrator filed his petition, and prayed the court to set aside the final report, reopen the estate, and continue him as such administrator for the purpose of enabling him to prosecute to a final determination a suit then pending in the Huntington Circuit Court against appellant, to recover damages for the alleged wrongful killing of decedent. The prayer of this petition was granted, and the order previously made declaring said estate fully settled, and discharging the administrator, was vacated and in all things set aside.

The action against appellant was finally determined in the Huntington Circuit Court and resulted in a judgment against appellee for costs. March 10, 1897, appellant filed in the clerk's office of the Delaware Circuit Court an itemized statement of the costs for which judgment had been rendered in its favor, which statement was accompanied by a certificate of the clerk and duly verified. This statement of costs was filed as a claim against the estate, was passed to the allowance docket, where it was disallowed by the administrator, and was subsequently transferred to the issue docket for trial. Trial was by the court, resulting in a finding and judgment for appellee. Appellant's motion for a new trial was overruled and such ruling is assigned as error. Some technical questions are urged to the sufficiency of the motion for a new trial; but, waiving such objections, we think the motion fairly presents the question of the sufficiency of the evidence to support the judgment. There is no conflict whatever in the evidence, and this is conceded by appellee; hence no question is presented as to the weight of the evidence, or as to this court weigh-

ing the evidence where there is a conflict. The one pertinent question presented for our decision is this: Is the appellee, in his fiduciary capacity, liable for the costs of prosecuting his action against appellant for the death of his decedent, where he failed in such action, and the costs were adjudged against him? We are not aware that this exact question has ever been decided in this State, but we think the principle involved has been clearly settled.

In all litigation the law contemplates that costs accruing shall be chargeable to some one connected with such litigation. In this State the liability for and payment of costs are regulated by statute, and the general rule is that the losing party is chargeable with its payment. If the decedent had survived the accident which resulted in his death, and prosecuted an action for his injury, and such action had resulted adversely to him, he would have been liable to appellant for all costs incident to the suit. Here the administrator brought the action as his personal representative for the benefit of his next of kin. True, under the statute, if a recovery had been had, the amount recovered would not have gone into the general fund for the payment of debts, etc., but would have been distributed to the heirs or next of kin, according to their interests, upon the final settlement of the estate. The fund thus derived, although for the benefit of the next of kin, would have been chargeable with the necessary expense incurred by the administrator on account of his services, attorney's fees, and expenses of administration. *Yelton, Adm.,* v. *Evansville, etc., R. Co.,* 134 Ind. 414. In that case Yelton was the administrator, and brought an action for the death of his decedent. The decedent in that case left no children, but a widow, who was his sole heir, and whatever damages were recovered

would, under the statute, inure to her exclusive benefit. Pending the action, she compromised with the railroad company, which compromise was pleaded as a defense by way of a supplemental answer. A demurrer to this answer was overruled in the court below, and on appeal such ruling was reversed. In that case the court said: "The fund is evidently chargeable with the necessary expense incurred by the administrator in payment for his services and attorneys' fees and expenses of administration at least. This would be true in the absence of any other estate of the decedent out of which the same could be paid, and it is questionable whether any other estate could be applied to such expense to the exclusion of creditors of the estate. It is evident that no part of this fund could be diverted from the source the statute provides it shall go, except that it would, under some circumstances at least, be chargeable with a lien for the necessary expense in collecting the same.    *    *    *    But certainly the fund derived from an action of this character is liable for the necessary costs and expense of the collection of the damages recovered."

From the principles announced, and from the language used in the above quotation, it seems plain, and is a reasonable inference, that, where the rights of creditors do not intervene, the general fund of the estate may be resorted to in paying the costs of such an action, where such costs are adjudged against the estate. Such actions are brought for the benefit of the widow and the children, for in this case the widow and children survived, and would have been entitled, under the statute, upon final settlement, to receive their respective interests, if a recovery had been had.

The estate here was solvent. All debts have been paid, and there remained funds for distribution. The

law contemplates a liability for costs upon one party or the other. The appellant here is evidently not primarily liable for any costs in the original action, except such as made by it. But aside from this, the status of the parties was fixed by the judgment of the Huntington Circuit Court, wherein the appellant recovered a judgment against the appellee for the costs. In New York it has been held that a judgment against executors in the fiduciary capacity in an action in tort, is binding on the estate. *Syms* v. *Mayor, etc.*, 105 N. Y. 153, 11 N. E. ·369; *Hone* v. *DePeyster*, 106 N. Y. 645, 13 N. E. 778. And in this State it has been held that where costs are incurred by an administrator in the proper defense of claims filed against the estate, or in prosecuting claims in favor of the estate against others, such costs pertain to the expenses of administration, and their payment has preference over other claims. *Taylor* v. *Wright, Adm.*, 93 Ind. 121, 123; *Hillenberg* v. *Bennett, Adm.*, 88 Ind. 543. In the case last cited, the court says: "Executors and administrators might sue in that court [common pleas] upon any claim, debt or demand of any kind accruing to them in their fiduciary capacity, without regard to the amount of such demand, and that in all such cases costs would follow the judgment." It seems to us, also, that the question of appellee's liability cannot be raised in this action, and that the objection urged comes too late. The question of liability is fixed by the judgment, and is conclusive as against a collateral attack. *Hall* v. *Durham*, 109 Ind. 434; *Cassady* v. *Miller*, 106 Ind. 69; *Mott* v. *State*, 145 Ind. 353. The attack made against the judgment for costs in this case is collateral, and the above authorities control.

It is further urged by appellee that appellant's judgment for costs is barred, because it was not filed before the filing of the final report of the administra-

tor. We have already said that, pending the original action against appellant, the appellee administrator filed a final report, which was approved. After this, however, on the administrator's petition and application, the order approving the report, and discharging the administrator, was set aside and in all things vacated. After this order, the suit then pending was prosecuted to final determination, and, so far as the record shows, no final report has since been filed. The order setting aside the report, etc., leaves the estate as if no final report had ever been filed. Subsequent to setting aside the report and vacating the order of its approval, etc., this judgment for costs was recovered and duly filed as a claim against the estate. Under these facts, there is no merit in appellee's contention upon this point.

Appellee further insists that there was no final judgment rendered below, and hence the appeal will not lie. We have carefully examined this question, and are satisfied that the judgment from which the appeal is prosecuted is amply sufficient. Looking at the whole record, we have reached the conclusion that the merits of the case demand a new trial. The judgment is therefore reversed, with instructions to the court below to sustain appellant's motion for a new trial.