# STUCKWISCH ET AL. v. KAMMAN ET AL.

[No. 20,707. Filed March 29, 1906. Rehearing denied June 6, 1906.]

1. WILLS. — *Contest.—Parties.—Statutes.*—Under §2766 Burns 1901, §2596 R. S. 1881, any interested person may, within three years after a will has been offered for probate, contest the validity of same, making all other interested persons and the executor of such will parties defendant. p. 675.

2. PLEADING. — *Answer.—Presumptions.—Wills.—Executors and Administrators.—Settlement.*—In a will contest, an answer that the executor of such will had collected the money due and distributed defendants' shares to them and had, under the court's orders, paid plaintiffs' shares to the clerk, and which answer failed to show any act in reference to the real estate, will be presumed to refer only to the personalty. p. 676.

3. WILLS.—*Contest.—Executors and Administrators.—Settlement.*—The approval, by the court, of the final report of an executor, together with an order of distribution of the testator's property, is no defense to an action to contest testator's will. p. 676

4. JUDGMENT.—*Res Judicata.—Wills.—Contest.—Executors and Administrators.—Final Report.*—The approval by the court of an executor's final report is not an adjudication that the testator was of sound mind and that the will was duly executed. p. 677.

5. SAME.—*Res Judicata.—Executors and Administrators.—Final Report.*—The approval by the court of the final report of an executor, the statutes relating thereto having been complied with, is *res judicata* as to all matters properly included therein. p. 677.

6. SAME.—*Res Judicata.—Executors and Administrators.—Final Report.—Wills.—Contest.*—There being no statute permitting an executor to make an issue, in his final report, of the validity of the will nominating him, the judicial approval of such report is not an adjudication of such validity. p. 679.

7. ESTOPPEL.—*Wills.—Contest.—Executors and Administrators. —Final Report.*—The failure to litigate or object to an executor's final report does not estop an heir from contesting the validity of testator's will, such heir having refused to accept anything under the provisions of such will. p. 680.

From Jackson Circuit Court; *John M. Lewis,* Judge.

Action by Anna Stuckwisch and others against Christian Kamman and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*W. H. Endebrock* and *M. B. Hottel,* for appellants.

*J. H. Kamman* and *Branaman & Branaman,* for appellees.

JORDAN, J.—This action was commenced on February 10, 1905, to contest the will of Henry Kamman. The complaint alleges that said testator died in Jackson county, Indiana, on October 31, 1903, leaving the plaintiffs and defendants surviving him as his only heirs at law. It is further alleged that said testator at the time of his death was the owner and in possession of a large amount of real estate and personal property; that on November 6, 1903, a certain paper purporting to be his last will and testament, bearing date of October 26, 1903, was probated in the Jackson Circuit Court and was duly recorded in the will record in the office of the clerk of said court, and thereupon

letters were issued to the defendant Christian Kamman as executor of said will. It is further alleged that on September 14, 1904, said executor made a final report of the administration of said trust, which report was approved by the court, and he was discharged from the further execution of his said trust, etc. The grounds alleged for contesting and setting aside said will are: (1) Unsoundness of mind of the testator at the time he executed his said will; (2) undue execution thereof.

The defendants appeared and filed an answer of two paragraphs to the complaint: First, general denial. By the second they set up in bar of the action affirmative matter as follows: "For further and second paragraph of answer to plaintiffs' complaint the defendants say: that the defendants and plaintiffs, except the defendant Andy H. Kuhn, are all and the sole heirs at law of said Henry Kamman, deceased; that said Henry Kamman died on October 31, 1903, testate, leaving a will which contains a description of all the real estate of which said testator died seized, a copy of said will is filed herewith marked exhibit A and made a part hereof; that said will was duly probated before the clerk of the Jackson Circuit Court on November 6, 1903, and the said probating by said clerk was duly confirmed by the judge of the Jackson Circuit Court at its November term, 1903; that said will was duly recorded in will record No. 3, on page 346, in the clerk's office of said county and State; that in said will said defendant Christian Kamman was appointed executor, and letters of administration were duly issued to him on November 6, 1903; that said Christian Kamman has duly administered said decedent's estate, by collecting all accounts and notes due said estate, and has reduced all other assets of said estate to cash; that the total so coming into his hands from the assets of the estate was $———; that he has received from himself $700, and from Minnie Toppe $3,400, as provided for in items two and four of said testator's will,

the sum total of $4,100, making a total from all sources of $———; that said executor has paid as the costs of administration, etc., the total sum of $———; that the balance of $4,668 has been paid and divided as provided for in said will; that said defendants herein have accepted, received and receipted for the amounts due them; that the amount due to the plaintiffs under said will has by the executor been paid to the clerk of the Jackson Circuit Court; that said executor was fully discharged and released from his said trust on November 14, 1904, the said estate having been finally and fully settled as provided. Wherefore defendants demand judgment for costs and all other proper relief."

The plaintiffs jointly and severally demurred to this paragraph of answer on the grounds of insufficiency of facts to constitute a defense to the action. Their demurrer was overruled by the court, to which they duly excepted. The reply to the answer was a general denial. There was a trial by jury and a general verdict returned in favor of the defendants, upon which judgment was rendered against plaintiffs for cost. From this judgment plaintiffs have appealed, and the only error relied upon for a reversal is the overruling of the demurrer to the second paragraph of answer. The evidence is not before us.

Counsel for appellants insist that the facts averred in the second paragraph of answer constitute no defense to the action, and that the demurrer thereto should have been sustained. Under the provisions of §2766 Burns 1901, §2596 R. S. 1881, any interested person may, within three years after a will has been offered for probate, contest the validity thereof for any or all of the grounds therein provided, by filing a complaint in the circuit court of the county in which the testator died, or in which any part of his estate is situated. It is provided that the executor and all other persons beneficially interested therein must be made defendants to such action.

The record in this appeal discloses that this action was commenced within the period provided by the statute.

2. Both the complaint and answer show that the estate of the testator consists of real and personal property. It will be noted that there is nothing, however, in the answer going to show that the executor, under the provisions of the will, had any control over the real estate devised by the will or in any manner affected thereby. In the absence of such a showing we must, under the circumstances, assume that the final settlement of the estate by the executor applied only to the personal property, and had no relation whatever to the real estate devised by the will.

The theory of the defense advanced by the second paragraph of the answer seemingly is that the plaintiffs are precluded from maintaining the action to contest 3. the will of the testator, because, prior to the commencement of the action, the executor had duly administered upon the personal assets of the estate, had reduced the same to cash and had paid over to the defendants their distributive share under the will, all of which they had received. That the amount thereof due to the plaintiffs had been paid over to the clerk of the Jackson Circuit Court, and the executor had been discharged and the estate of the testator had been by the court adjudged as finally settled. There are, however, no facts going to show that the plaintiffs, or any of them, had ever received or accepted from the executor, the clerk of the court, or any other person, any portion of their distributive shares of the property devised to them under the will in controversy.

Reduced to a simple proposition then, the only facts upon which the defendants have to predicate the defense set up by the second paragraph of answer are the final settlement by the executor of his trust under the will and a distribution of the personal estate or assets as therein

alleged.    Under the facts averred, so far as their suffi-
ciency to constitute an estoppel against appellants is con-
cerned, the case must be ruled by the decision of this court
in *Roberts* v. *Abbott* (1891), 127 Ind. 83, wherein it is
held that an answer setting up the final settlement of the
estate by an administrator with the will annexed, and the
final discharge of such administrator, presents no defense
to an action to contest such will when the estate devised by
the will consists of both real and personal property.

It is also clear that the approval by the Jackson Circuit
Court of the executor's final report and the final settlement
of the estate of the testator, as set up in the answer,
cannot in any sense be regarded as an adjudication
of the issues tendered by the appellees under their
complaint in this action.    In considering this feature of
the case, a review of some of the provisions of our statute
concerning the settlement of a decedent's estate will be
necessary.

Section 2545 Burns 1901, Acts 1883, p. 151, §23, makes
provision for giving notice upon the final settlement of an
estate.    Such notice is required to be given by two
weeks' publication in a weekly newspaper and by
posting notices, etc., of the time at which such ac-
count, or report, will be heard by the court.    By this notice
all heirs and other persons interested in the estate are
notified to appear in court on the day fixed for the hearing
and there show cause, if any, why such final account or
report should not be approved by the court.    The heirs or
legatees, as the case may be, are also notified to appear and
make proof of heirship or claims to any part of the estate.

Section 2546 Burns 1901, Acts 1883, p. 151, §24, pro-
vides that on the day fixed the court shall proceed to hear
the account, and that any person interested in the distribu-
tion of the assets of the estate may appear and contest the
correctness of such final report or account.    It is further
provided that if the court finds such account correct it shall

approve the same, and shall fix the amount to be allowed and paid for the expenses of the administrator.

Section 2547 Burns 1901, §2392 R. S. 1881, among other things, provides that "if the moneys on hand be sufficient therefor, and there remain no claims pending for allowance, and no debts due the estate remaining, for collection, the court shall enter an order for the final settlement of the estate, payment of claims unpaid, and distribution of the residue to the heirs and legatees of the decedent."

Section 2557 Burns 1901, Acts 1883, p. 151, §27, provides that after the debts and legacies and expenses of the administration have been paid and all assets of the estate accounted for and all claims disposed of, etc., the executor or administrator shall pay into court any money remaining in his hands, or distribute the same, under the order of court, to the persons entitled thereto, and thereupon it is provided that the court shall declare the estate to be settled, and the executor or administrator shall be discharged. It is further provided that no final settlement of the estate shall be reopened after the close of the term at which it is made, except as provided in §2558 Burns 1901, §2403 R. S. 1881.

A review of these provisions of the statute fully discloses that it is the correctness of the final account or report which can be said to be therein in issue, and it is such issue which must be considered and held to be determined or adjudicated by the court's approval of the executor's, or administrator's, final report. The filing by an executor or administrator of a final report in the proper court and the giving of the notice prescribed by the statute confers upon the court full and complete jurisdiction to hear and decide all matters pertaining to the final settlement of the estate, which are either directly or incidentally involved in said report.

It is firmly settled that the approval by the court of such report and the entering of an order declaring the estate

finally settled are judicial proceedings, and constitute a judgment of the court which in effect is an adjudication of all matters which were or should have been embraced in the report, and, therefore, will preclude all collateral inquiry into the correctness thereof by the parties bound by such proceeding so long as the order or judgment of approval remains in force. Sanders v. Loy (1878), 61 Ind. 298; Parsons v. Milford (1879), 67 Ind. 489; Castetter v. State, ex rel. (1887), 112 Ind. 445; Jones v. Jones (1888), 115 Ind. 504.

There is no provision in the statute concerning the settlement of the estate of a decedent which in any manner can be said to require a person, who contemplates instituting an action to contest the will of a testator, to appear in court at the time fixed for the hearing of. the executor's final report and interpose objections to the final settlement of the estate, for the reason that he intends to contest the will within the time allowed by law. There are certainly no grounds for asserting, under the statute relative to the settlement of estates, that the filing by the executor of his final report involves or tenders, as an issue, the validity of the will, and that therefore such issue is determined and adjudicated by the judgment approving the report so as to preclude any inquiry, in the future, in respect to that issue. In fact we are unable to discover in this case any connection between the matters which were necessarily involved and adjudicated under the executor's final report and the issue or issues tendered by appellants by their complaint in this action to contest and set aside the will in controversy. As its validity was not put in issue by the executor's report, nor was it a matter which, under the provisions of the probate statute, could have been properly litigated and determined within the issues tendered by such report, therefore it necessarily follows that appellants, under the circumstances, are not barred or precluded from maintaining this action on the ground of former adjudica-

tion. *Finley* v. *Cathcart* (1898), 149 Ind. 470, and cases there cited.

The second paragraph of the answer, under the facts alleged, whether it be viewed or considered either in the nature of an estoppel *in pais,* or as an answer of former adjudication, is wholly insufficient as a defense to this action. By overruling the demurrer to this paragraph, the court, in effect, adjudged that if the facts therein alleged were proved on the trial, such a result would alone be sufficient to defeat the action. For the error of the court in overruling the demurrer to the second paragraph of answer the judgment is reversed and the cause remanded, with instructions. to the lower court to sustain said demurrer.

Montgomery, J., did not participate in the decision of this cause.