SENSE *v.* ROACH, ADMINISTRATOR, ET AL.

[No. 27,984.   Filed March 28, 1944.]

*Howard D. Phillips* and *L. Russell Newgent,* both of Indianapolis, for appellant.

*Frank B. Ross* and *Edward H. Knight,* both of Indian-apolis, for appellees.

SHAKE, J.—Judgment was rendered against the appellant upon her election not to plead over after a demurrer to her complaint had been sustained. The material facts alleged in the complaint were as follows: William H. Roach died intestate a resident of Marion County, Indiana, on May 4, 1940, and on May 9th the appellee Edward Roach was appointed administrator of the estate of said decedent by the Probate Court of said county and qualified as such. On December 5th of the same year the administrator presented his verified petition to said court, reciting that more than six months had elapsed since the opening of said estate; that all the debts of the estate had been fully paid and discharged; and that it was for the best interest of said estate that he be directed to file his final report and that said estate be closed. This petition was granted on the day that it was filed and the administrator thereupon made his final report, which was subsequently approved and the administrator discharged. The appellant was not summoned to attend and did not appear at the hearing on said final report, and did not learn that the estate had been closed until January 2, 1942. On April 7th the appellant filed her complaint pursuant to § 6-1424, Burns' 1933, § 3220, Baldwin's 1934, undertaking to allege fraud and illegality in the closing of said estate, in this, to-wit: "That said administrator had, at all times, had full notice and knowledge" that appellant had "a valid and meritorious claim for services rendered the decedent, William H. Roach, during the six years prior to his death all at his special instance and request and said claim being in the amount of $5,000"; that said administrator "talked with this plaintiff (appellant) with reference to the (said) claim

and the filing of the same, and due to the fact that said administrator had such knowledge this plaintiff (appellant) believed said estate would remain open for one year"; that the aforesaid petition of the administrator for authority to close said estate at the end of six months was "false and fraudulent" in that it falsely represented "that all debts of said estate had been paid, and that it was then for the best interests of said estate that the same be closed and settled"; that said estate was and is solvent; and that appellant's said claim was duly filed on January 6, 1941, and is owing, past due and unpaid. It is the appellant's theory that her complaint was sufficient to charge the administrator with having perpetrated a fraud upon the Probate Court, under such circumstances as to entitle her to have the final settlement of said estate set aside.

Chapter 81, Acts of 1931 (§§ 6-1001 and 6-1405, Burns' 1933, §§ 3119 and 3120, Baldwin's 1934), limits the time for filing claims against decedents' estates to thirty days before final settlement, and permits administrators and executors to file their final reports after six months from the giving of notices of appointment, with the consent of the courts in which the estates are pending. Whether the act is to be construed literally as requiring claims to be filed thirty days *before final settlement,* or as meaning thirty days before the *filing* of a final report in harmony with the two cases of *Roberts* v. *Spencer, Executor* (1882), reported in 112 Ind. 81 and 85, 13 N. E. 127 and 129, is immaterial so far as this case is concerned, since it is admitted that the alleged claim here involved was not offered for filing until after the estate had been closed.

As already noted, a final report under the six months feature of the Act of 1931 may only be filed "with the

consent of the court." In this regard the practice is different from that pertaining to the filing of a final report after a year of administration has passed. No formal consent is required for the filing of a final report at or after the end of the year. Such a final report may be filed in the office of the clerk in term time or in vacation. § 6-1405, Burns' 1933, § 3206, Baldwin's 1934. *Jones* v. *Jones* (1888), 115 Ind. 504, 18 N. E. 20. Since the conditions under which it may be proper to file a final report before the expiration of a year are not set out in the statute, it must have been the intent of the Legislature to leave the matter to the sound discretion of the court having jurisdiction of the estate. An order granting such consent will not be disturbed, therefore, in the absence of a showing of an abuse of discretion or for fraud, illegality or mistake. And since consent to file such a report may be implied from the fact that the court permitted the report to be filed, the burden of establishing that consent was not given or that there was an abuse of discretion in granting it must naturally rest upon him who asserts it.

If, as alleged in the administrator's verified petition for leave to file his final report, more than six months had elapsed since the estate was opened for filing claims, and all the debts of the estate had been paid and discharged, the court below was fully warranted in entering an order consenting to the filing of the final report. There is no showing in the complaint that the court was in possession of any other facts which would have suggested that this action was improper, and we must therefore conclude that no abuse of discretion was charged.

The contention that the administrator was guilty of fraud is predicated upon the proposition that he con-

cealed from the court facts which it was his duty to disclose. It is urged that the allegations of the complaint to the effect that the administrator knew that the appellant had a valid and meritorious claim against the estate, and that the administrator had talked to the appellant with reference to her claim and the filing of the same, before he presented his petition for leave to file his final report, rendered false his statement that all the debts of the estate had been paid, and placed upon him the obligation to advise the court of the appellant's claim or to withhold his final report until the end of the year. Even if the view be taken that "debts" of the estate, as that term was used in the administrator's petition, necessarily included the appellant's unliquidated and unfiled claim, yet, nevertheless, there was no allegation in the complaint that the appellant had informed the administrator that she desired or intended to file a claim or that he represented to her that it would be paid or that the estate would be held open to receive it. While, in a sense, an administrator represents the creditors as well as the heirs, we are not acquainted with any principle of law that imposes upon him the obligation to solicit the filing of claims, however just he may believe them to be; nor should he be required to keep the estate open beyond the time when the law authorizes it to be closed on the mere possibility that a claim may be filed. *Chase* v. *Beeson* (1883), 92 Ind. 61.

To constitute actionable fraud, whether perpetrated upon a person or a court, "there must be some fraudulent, overt act, or failure to act when duty requires it, or a breach of trust or confidence, and such must be the efficient or proximate cause of injury." *Sachs* v. *Blewett* (1934), 206 Ind. 151, 156, 185 N. E. 856; 188 N. E. 674. The complaint before

us wholly fails to disclose any overt act, or failure to act, on the part of the administrator upon which the appellant relied or had a right to rely.

This case may be readily distinguished from those relied upon by the appellant. In *Harter, Admr.* v. *Songer* (1894), 138 Ind. 161, 37 N. E. 595, an administrator closed an estate without paying certain judgments duly rendered against it. Such judgments had, of course, the status of allowed claims. In *Mefford* v. *Lamkin* (1906), 38 Ind. App. 33, 76 N. E. 1024, 77 N. E. 960, the administrator made distribution of a part of an estate to himself, upon a showing that he was an heir, when he was not. This was clearly an illegality. And in *Kingan & Co.* v. *Hawley* (1902), 29 Ind. App. 376, 377, 64 N. E. 620, it was charged in the complaint "that within thirty days after his appointment said administrator was informed of appellant's judgment, and he assured appellant that whenever funds came into his hands he would pay said judgment; that he informed appellant that it was not necessary to file a claim against the estate and put it to additional cost, that he knew of the claim and would not settle the estate without giving appellant notice in time to be present, or have some one present to receive payment, . . ." It was correctly held, on these facts, that the appellant was entitled to be relieved from a final settlement obtained by the administrator in violation of his representations.

The demurrer to the appellant's complaint was properly sustained.

The judgment is affirmed.

NOTE.—Reported in 53 N. E. (2d) 784.