Patricia Ann TRINKLE,
Appellant–Plaintiff,

v.

Janice F. LEENEY, as Trustee and Individually, Appellee–Defendant.

No. 45A05–9404–CV–141.

Court of Appeals of Indiana,
Fifth District.

May 30, 1995.

Ruman, Clements, Tobin & Holub, P.C. by William Tobin, Hammond, for appellant.

Michael D. Dobosz, Hilbrich, Cunningham & Schwerd, Highland, for appellee.

## OPINION

BARTEAU, Judge.

This appeal originates from an agreement between the administrator of an estate and the estate's attorney for the purchase of real property from the estate. In issue are a promissory note the purchaser executed in favor of the estate and amounts the purchaser seeks to credit against the note. The estate has since closed and the attorney has since died, leaving an heir and a widow to resolve this dispute.

We offer a summary of the trial court's Findings of Fact in order to provide a brief explanation of what transpired.

### FACTS

The property central to this appeal is residential real estate that belonged to Eileen Trinkle, the deceased mother of Patricia Ann Trinkle. Attorney John Leeney and his wife, Janice, rented the property along with another tenant who rented a separate upstairs apartment. After Eileen's death, the Leeneys decided to buy the property.

John Leeney was also the attorney for Eileen's estate, and prepared the documents necessary for the purchase of the property. The written purchase agreement included a purchase price of $29,500, comprised of a

$20,000 cash down payment and a $9,500 promissory note that was to accrue interest at 12 percent and to be secured by a mortgage on the property. The $20,000 down payment was delivered to the estate administrator on April 7, 1989. The court approved the sale and issued an administrator's deed on February 27, 1990.[1]

Prior to the April 7, 1989 down payment, the Leeneys paid several expenses for the property, including fuel oil, gas, and electricity consumed on the premises by the Leeneys and the other tenant, as well as insurance coverage for the property. The Leeneys also paid real estate taxes on the property, a portion of which was owed by the estate. And furthermore, after the Leeneys purchased the property on April 7, 1989, Eileen Trinkle's estate continued to collect rent from the tenant of the upstairs apartment.

On June 27, 1990, John Leeney filed a final accounting with the probate court. The final accounting made no mention of the expenses paid by the Leeneys for the property, or the rent that the estate had collected after the property was sold. John Leeney died on July 14, 1990, and the probate court approved the final accounting on October 2, 1990.

On October 1, 1990, Patricia Ann Trinkle was assigned the rights to the promissory note as a substantial part of her distribution of Eileen's estate. Janice Leeney[2] made fourteen monthly payments under the promissory note from October 10, 1990 through November 21, 1991, for a total of $2,800.

Janice Leeney then ceased making payments. Patricia Ann Trinkle brought this action to enforce the contract, seeking the amount due under the promissory note plus interest, an equitable mortgage on the property, and foreclosure of the equitable mortgage. Janice Leeney counterclaimed, arguing that she is entitled to set off the balance due under the promissory note by the expenses the Leeneys paid for the property before the sale, and for the rent the estate collected after the sale. The trial court found Leeney to be in default on the promissory note, but allowed the credits against the amount due.

### ISSUES

Patricia Ann Trinkle raises several issues on appeal. We find that the following two issues are dispositive:

1. Whether the trial court erred in allowing set-offs against the promissory note.

2. Whether the trial court erred in determining the reasonable amount of attorney fees to which Patricia Ann Trinkle is entitled.

### DISCUSSION

■ Upon Patricia Ann Trinkle's motion, the trial court made specific Findings of Fact and Conclusions of Law pursuant to Ind. Trial Rule 52. When the trial court enters special Findings of Fact and Conclusions of Law pursuant to a motion by a party, this court employs a two-tiered standard of review: First, we must determine whether the findings support the judgment. The second inquiry is whether the conclusions and judgment are clearly erroneous based on the facts as found by the trial court. *American Cyanamid Co. v. Stephen* (1993), Ind.App., 623 N.E.2d 1065, 1070.

### SET–OFFS

The amounts that the trial court credited against the promissory note come from two

1. As the Leeneys were tenants of the property prior to the sale, they were in possession of the property during the time between delivery of the down payment and the issuance of the administrator's deed. There were no formal closing proceedings. The trial court found that the date the down payment was paid, April 7, 1989, was the closing date of the sale, which the parties do not dispute.

On February 27, 1990, a Report of Sale of Real Estate, prepared by Attorney Leeney, was filed with the probate court. This Report stated that the "purchaser has complied with all things with the terms of said sale...." However, the record demonstrates that at the time the Report was delivered to the probate court, the purchaser had not complied with the terms of the sale. Janice Leeney did not execute the promissory note until a later date, and the mortgage to secure the note was never executed.

2. Janice Leeney held all of the buyers's interest in the real estate since John had transferred his interest to her to hold as trustee.

sources: the amounts the Leeneys expended on the property prior to the sale, and the rent the estate collected from the property after the sale. Trinkle argues that the trial court erroneously allowed Leeney's claims for set-offs. Trinkle contends that Leeney's claims create an impermissible collateral attack on the judgment of the probate court, which approved the final accounting and closed Eileen's estate.[3] Leeney refutes this assertion and argues that Patricia Ann Trinkle, as the assignee of the estate, stands in the shoes of the estate and is subject to the defenses and set-offs available against the estate.

### Pre–Sale Expenses

■ Prior to the April 7, 1989 closing date, the Leeneys incurred expenses for the maintenance, protection and upkeep of the real estate, including the cost of utilities, insurance and taxes. By statute, the personal representative must pay these expenses. Ind.Code 29–1–13–1. They are chargeable against the estate as expenses of administration, which generally include all the costs of preserving estate assets incurred after the decedent's death. *See Matter of Estate of Cook* (1988), Ind.App., 529 N.E.2d 853, 855; *see also* 1B *Henry's Probate Law and Practice*, § 2 at 519–20; *Black's Law Dictionary* 44, 578 (6th ed. 1990).

Trinkle argues that Leeney's claims for expenses of administration had to be filed with the probate court prior to the discharge and close of the estate. And, since Leeney did not raise her claims during the probate proceedings, Trinkle contends she cannot now raise those claims in a collateral proceeding as a set-off against the promissory note. We agree.

■ Expenses of administration are specifically excluded from the nonclaim statute that establishes time constraints on filing claims against the estate. I.C. 29–1–14–1. Instead, I.C. 29–1–14–10(b) allows claims for expenses of administration to be brought by the claimant at any accounting during the probate proceedings. However, all claims must be brought against the estate during probate proceedings. *Sense v. Roach* (1944), 222 Ind. 323, 53 N.E.2d 784 (claims cannot be raised after the estate has closed); 1B *Henry's Probate Law and Practice*, § 3 at 520–21 ("[W]hile costs of administration are not subject to I.C. 29–1–14–1 they must be presented for payment before the estate is closed."). The probate court's approval of the final accounting has the force of final judgment, and bars Leeney from raising her claims without first having the probate court set aside its judgment. *See, e.g., Sense*, 222 Ind. 323, 53 N.E.2d 784, *Manor v. Manor* (1944), 222 Ind. 374, 53 N.E.2d 343; *Newton v. Hunt* (1952), 122 Ind.App. 146, 103 N.E.2d 445.

Our Supreme Court held in *Manor* that the approval of a final accounting, settlement, and closure of an estate is a final judgment on the claims against the estate and may not be attacked collaterally. 53 N.E.2d at 344; *see also Stuckwisch v. Kamman* (1906), 166 Ind. 672, 77 N.E. 349; *Newton*, 103 N.E.2d 445. Leeney argues her position is distinguishable because she did not receive notice of, nor was she an interested party to, the probate proceedings. We find her argument unpersuasive.

The record reflects that, without question, Leeney was an interested party to the probate proceedings. Our legislature has defined "interested person" as:

> [H]eirs, devisees, spouses, creditors, or any others having a property right in or claim against the estate of a decedent being administered.

I.C. 29–1–1–3. Leeney's claims for administration expenses falls within the statutory definition of a claim against the estate. I.C. 29–1–1–3.

Leeney attempts to posit herself as an unrelated purchaser of the property and a stranger to the probate proceedings despite the fact that she, as trustee, holds the interest of her husband who was also the attorney for the estate. She contends that "[t]he fact

---

**3.** Leeney argues that Trinkle has waived this argument because she failed to assert this theory at trial. Upon review of the record, we find that Trinkle presented this argument during her opening statement and maintained the theory throughout trial. She has not waived the argument.

that the unrelated purchaser of the real estate is the widow of the attorney for the estate is of no relevance whatsoever in the analysis." Appellee's Brief at 21. We find it difficult to discount the attorney-client relationship and the fact that her husband exercised great control over the probate proceedings. Nonetheless, even if we assume that Leeney had no notice of the probate proceedings, she still may not raise her claims for administration expenses in a collateral proceeding because she failed to properly file her claims with the probate court prior to the close of Eileen's estate.

Assuming Leeney's failure to file her claims in the probate court was due to lack of notice,[4] by statute Leeney may request that the probate court set aside the final judgment, re-open the estate of Eileen Trinkle and consider her claims. I.C. 29–1–1–21; *see also Chicago & E.R. Co. v. Harshman* (1898), 21 Ind.App. 23, 51 N.E. 343. Otherwise, Leeney may not raise her claims for expenses of administration against the estate or its assigns in a collateral proceeding. *See Jones v. Jones* (1888), 115 Ind. 504, 18 N.E. 20 (a final settlement cannot be attacked in a collateral proceeding despite defects in the notice of final settlement). Leeney may not assert her claims for expenses of administration against an assignee of an estate as a set-off in a collateral proceeding. Her claims must be asserted in the probate court after petitioning the court to set aside the final settlement of the estate.

### Post–Sale Rent

The trial court also allowed Leeney to set-off against the promissory note rent that the estate collected from the other tenant of the property after the April 7, 1989 closing date.

Indiana Code 29–1–13–1 authorizes the personal representative to take possession of the decedent's real estate and "collect the rents and earnings thereon until the estate is settled or until delivered by order of the court to the distributees." I.C. 29–1–13–1.

The trial court found that the administrator of Eileen Trinkle's estate collected rent from the property after the court had approved the sale of the property and had issued an administrator's deed transferring ownership to the Leeneys. However, the rent wrongfully collected[5] by the administrator cannot be charged against Patricia Ann Trinkle, the assignee of the estate.

■ Leeney's claim is that, by collecting rent from property that was not owned by the estate, the administrator took possession and control of assets that did not belong to the estate. It is well settled in Indiana that when an administrator takes control of property not belonging to the estate, neither the estate nor the administrator in his official capacity are liable. *Rodman v. Rodman* (1876), 54 Ind. 444; *Ostheimer v. McNutt* (1946), 116 Ind.App. 649, 66 N.E.2d 142. Rather, the administrator is liable in his personal capacity. *Rodman*, 54 Ind. 444; *Ostheimer*, 116 Ind.App. 649, 66 N.E.2d 142.

■ The import of this rule of law is significant to this case because Patricia Ann Trinkle received the promissory note as the assignee of the estate of Eileen Trinkle and not of the administrator personally. The administrator, in his individual capacity, held no right, title or interest in the promissory note and could not personally assign the note to her. As such, any claims Janice Leeney may have against the administrator individually for wrongfully collecting rent on the real estate cannot be asserted against Patricia Ann. *See University Casework Systems, Inc. v. Bahre* (1977), 172 Ind.App. 624, 362 N.E.2d 155.

As the assignee of the promissory note, Patricia Ann Trinkle stands in the shoes of the assignor, the estate of Eileen Trinkle. Since the estate cannot be held liable for the wrongful collection of rent, neither can Patricia Ann. Janice Leeney cannot use her claim against the administrator in his personal ca-

---

4. We offer this assumption despite the fact that Leeney's husband submitted to the probate court the final accounting which did not include any mention of claims for expenses of administration or wrongfully collected rent.

5. This opinion does not discuss whether the administrator did, in fact, *wrongfully* collect the rent. For the purpose of our analysis, we assume that Leeney's claim is valid.

pacity as a set-off against the estate or its assignee, Patricia Ann Trinkle.

### ATTORNEY FEES

The promissory note signed by Janice Leeney provided for attorney fees to be paid in the event of default. Trinkle argues that the trial court erred in only awarding her $1,200 for attorney fees when the unrefuted evidence demonstrated that she had incurred $2,000 in attorney fees. And, she concludes, "$2,000 is a reasonable, and indeed ludicrously low, fee for the services rendered...." Appellant's Brief at 19.

Attorney fees are regulated under the Model Rules of Professional Conduct. *Jennings v. Backmeyer* (1991), Ind.App., 569 N.E.2d 689; *Estate of Forrester v. Dawalt* (1990), Ind.App., 562 N.E.2d 1315, *reh'g denied.* Indiana Professional Conduct Rule 1.5(a) governs attorney fees and requires the fees to be reasonable in light of various factors including the lawyer's expertise, the complexity or novelty of the issues presented, the amount of work performed, and the amounts at stake in the matter. Under no circumstances is a lawyer entitled to more than the reasonable value of his or her services. *See Jennings,* 569 N.E.2d at 691; *Estate of Forrester,* 562 N.E.2d at 1318.

Reasonable fees are not necessarily determined by the terms of the attorney-client contract. *Hawblitzel v. Hawblitzel* (1983), Ind.App., 447 N.E.2d 1156, 1164. And, since the trial judge is an expert on the question, the judge is accordingly not bound to accept the evidence presented as to the reasonable value of an attorney's fees. *Canaday v. Canaday* (1984), Ind.App., 467 N.E.2d 783. Here, the trial judge found that $1,200 is a reasonable attorney fee in this matter. We cannot now, as Trinkle's argument invites us to do, reweigh the evidence and substitute our judgment for that of the trial court.

### CONCLUSION

That part of the judgment of the trial court crediting against the promissory note Janice Leeney's claims for expenses of administration and wrongfully collected rent is REVERSED. The award of attorney fees to Patricia Ann Trinkle in the amount of $1,200 is AFFIRMED.

In rendering judgment, the trial court awarded damages to Trinkle under the promissory note, but made no mention of Trinkle's request for the establishment of an equitable mortgage and foreclosure thereon. Although, the trial court specifically noted in its Findings of Fact that the written purchase agreement called for a mortgage to be executed to secure the promissory note. Trinkle asks that we exercise our authority under Ind. Appellate Rule 15 and modify the final judgment to establish an equitable mortgage in her favor and to order foreclosure thereon.

However, Trinkle has not raised this issue on appeal, and presents no cogent argument supporting her request. We decline her invitation to modify the order of judgment and leave this matter to the sound discretion of the trial court. Therefore, we remand to the trial court with directions to enter judgment consistent with this decision.

SHARPNACK, C.J., and RUCKER, J., concur.